Good morning, Your Honor. I am Tim Chandler, representing the appellant in this matter, James Pierro. This case is about what constitutes a valid rescission. On November 7, 2008, the appellant served on the defendant's aid notice of rescission, and that notice of rescission was valid. We asked the court to uphold that notice. The court, in its decision to the law, altered the rescission process. The effect of the rescission was to create a termination of the lien, and by doing what the court did, it altered the TILA process, because it shifts the obligation in a way that it was not set out by the statute. The lender had 20 days to respond, and they did not respond. They just completely failed to respond. Is there any case that you're aware of that addresses that precise situation? No, Your Honor. Yamamoto really doesn't speak to that, does it? No, it does not. So we've looked for cases to address that precise situation. What do you think should occur when the lender doesn't respond at all? I think the lender is then responsible for the cost incurred by the borrower in that situation as a result of their failure to comply with the law. So in your case, so you filed a complaint for damages? Yes. And what are the damages falling from the lender's failure to respond? Well, what happened after the lender failed to respond is they proceeded with a foreclosure, which was flawed because they were not the foreclosure company that conducted the foreclosure, was not designated as the agent to do it. And then after they foreclosed, they proceeded with an unlawful detainer action, which they had vigorously asserted over a period of several months, including an appeal process. And so the borrower had to defend possession, which was very expensive, time-consuming. In addition, this is not your typical I go in and borrow a loan, and then I start paying the bank. What happened here was the defendants approached the appellant asking him, please, let us buy your property from you so that we can subdivide, we're building condominiums. He said no. They said, well, please, let us buy. He said no. Finally, they said, well, let us swap a piece of your land for a piece of ours and make your property better and ours better. He said okay, after agreeing to that. But it was conditioned on them getting his lender to go along with it. But during the process, they never. So what happened from there? So they entered an agreement that he. So they couldn't. They would swap the land. The first lender would be paid off. Or subordinated. Or subordinated. And then they would get a new loan for the remainder of the property. Well, they would get a portion. Financing. The lending, the loan transactions would not be disturbed. They would get a piece of his. He would get a piece of theirs. And no financial transaction involved in the lending. What happened was Downey, they didn't either. Either they didn't approach Downey, so they ran out of time. Or when they did approach Downey and tried to get them to go along with it, Downey had all these conditions. And escrow wanted a formal escrow. And said we've got to go through. We've got to protect our interests. And so after that going on, they decided, well, we don't really want to deal with Downey. So they went back to the borrower. And they said, let us make you a loan from our mortgage company. We can then control it. And we can get all our documents done. And he says, if you want to swap, that's the only way you can get it done. So he reluctantly agrees to that. But he thought they were going to give him a better loan than what he had on regular Downey. What they did was he goes down to the escrow office. He gets there. And the loan is not a 30-year loan. It's a one-year loan. So he calls the guy up on the phone. He says, look, I don't want a 30-year loan, a one-year loan. The guy says, look, we'll make you a deal. Your loan will be better. Don't worry about it. Come here. I'll send whatever you need. So he comes over there and he signs this agreement to pay all the interest on the loan while they're getting their subdivision now. At the end of that period, well, during that one-year period, they had his property completely tied up in the subdivision loan. So the year comes up, five, six business days before that time is to expire. They send him a notice saying pay the balance in six days. He doesn't know where he can't. So he says, well, wait a minute. You promised you were going to refine it. Well, we're not doing that. And they put a notice of default and a trustee sale and so on. During this time, the appellant had attorneys. Well, he had an attorney who drafted this rescission request. And after they had filed the sale, he was trying to negotiate to get it resolved. But when they filed the sale, he gave them the rescission demand. They ignored it. They wait until they didn't follow any of the procedures at all. That's undisputed. Does the statute require that they respond? In 20 days, yes. And if they don't do it, then there's a three-year statute of limitations. Let me ask you. I want to make sure I got the procedural posture this correct. The judge kicked you out, dismissed your complaint because she said you didn't adequately plead tender. That's why she booted out your complaint. Am I right about that? Yes. Now, if we disagree with her, if we say, yeah, you did adequately plead tender, then that just gets you back in court and you're off and running and you can make all these arguments you're telling us about now. It looks to me like the judge may have either misread your complaint, or at least as I understand your argument, she misread your complaint or didn't read it in the light most favorable to you. That's really the only thing for us now, isn't it? Well, there's a rule that you have now. Pardon me? That is, I think the court needs to say to us, the parties, there is that one, there was a proper notice on November 7th, 2008. That notice that they filed once they got the complaint. Yeah, but that's not why she kicked you out. She said your complaint was deficient because you didn't plead tender. And I'm saying if you did plead tender, then the underlying logic of her order is it fails. I think that's. So your complaint is reinstated and you go back and you argue whatever you argue. What she does is. I think it's more than that. He's saying he doesn't have to tender. Yes. You get to keep the money. Well, I think. Isn't that rescission? You give back what you got and they give back what they got and you put everybody to the status quoante. Yeah, 2008. You're not claiming you have the right to keep the money, do you? Well, we're claiming that there should be some offsets. Yeah, but you specifically pled that you're willing to give back or make payments to pay it back. Right? Yeah. Offset by damage. And he asked the judge to determine how much you should have to pay back. Right. There's one critical point, and that is that even when they filed their rescission, when they said, okay, we accept your complaint as rescission and now we go from here, they still don't take any steps. They continue with an unlawful appeal. I'm not disagreeing with you. I'm saying she threw your complaint out for pleading defects, but I'm suggesting there are no pleading defects. In other words, you will. I accept the court's analysis on that point, but I think the court needs to determine whether they followed it even on the subject. Well, that's really her job to determine that in the first instance, not throw you out for pleading defects that aren't really defects. I think she is saying that she is taking that complaint as the first rescission, and so we need a critical decision on that point.  I accept. Thank you. Thank you, Your Honor. Good morning. Good morning, Your Honors. May it please the Court, I'm Arthur Carvalho, and I represent the remaining defendants, including the bank and the development company, Spiegel Development. The bank is New Homes Mortgage. I think it's important to recognize that this is not a case where the plaintiff made a valid rescission demand. Why is that? Because the November 7, 2008, letter did not offer to return the consideration. It made a rescission demand. I don't think that's required, counsel. It's not required by the statute. Well, I do think it's required that you have to, to have a valid rescission, you have to want to put the parties back to the position they were before the loan was made. That's true. That would require. That's true. But what they asked for. And there's a statutory series of steps that are required to be taken in pursuant to Regulation Z, which begins, which is triggered by a notice of rescission. I don't understand why the November letter, you contend that the November letter wasn't a notice of rescission. Because it doesn't simply say we're going to go our separate ways. It says this is my rescission. I want a new loan. That's not a rescission. That's a request for a modification. So the judge said, well, that's not your request for rescission, but look at the complaint. You can also make a request for rescission in a complaint. I think that that complaint would comply because there are some allegations about returning the consideration. I realize that, and that's a question that is before us, that which was the operative notice of rescission. Correct. And I think that's the important one. Right. And so. If it's the complaint, and our position has been that for a notice of rescission to be valid, it has to contemplate putting the positions. I mean, you know, the issue of whether you have to say in there I'll give you back your money may be a moot point. I think what is clear in the request for rescission in November of 2008 is that they don't want to give us back the money. They want to get a new loan. Where did she rule, excuse me, where did she rule that the rescission notice was not effective? Your Honor, I think that she didn't express the rule of that. She considered our argument and said the complaint is the notice of rescission. That's how she argues. As I understand it, the only thing she ruled on, and tell me if I'm wrong, the only thing she ruled is that the remedy of rescission is available for three years, but only when there's ability or willingness to tender accordingly. The court finds that plaintiff has not stated a claim for rescission because he has failed to allege that he has tendered or intends to tender. Isn't that the only thing she ruled? That is actually her holding right there. Okay. Now, if we read the complaint differently, if we read his complaint to say he does intend to tender, then shouldn't we reverse this? No, Your Honor, and this is the reason. The TILA statute contemplates a complaint being a notice of tender, and it is still subject to a private transaction between the parties. And we said, okay, fine. We've accepted the request to tender. My letter that I sent within the notice period after service of the complaint, I said we will accept your request. This is how much money we need, and we'll release our deed of trust. We'll give you the property back. So where in the statute or what case law can you point to that supports your position that the November 7th letter wasn't adequate notice under TILA? Powers v. Sims and Levin, Your Honor, 542F2D, says that when a rescission is attempted under circumstances which would deprive the lender of its legal due, and in this case, the rescission said I want a new loan. That's not our legal due. Our legal due is our money back. But it said this is a notice of rescission. You could say, all right, we have your notice of rescission. We can't get you a new loan. And then proceed from there because that's what this says. You have to respond. You shall return. And then if the creditor, you know, just says who should do what within these 20-day periods. What I'm concerned about is that your position really undermines the TILA notice, or TILA or whatever it is, notice provision because you got the letter. You don't deny you got the letter. You just ignored the letter. Actually, we didn't. It's not in the record. But we engaged in significant negotiations. We agreed to try to give them a new loan. It's not in the record because it wasn't part of the motion that we brought the loan. Okay. So this is something then that, you know, when this case goes back, which I assure you it will go back on one ground or another, you're going to have to get that stuff in the record. And obviously TILA does contemplate putting everybody back in the position, and that includes tender and offsets. Let me just kind of focus the. . . I know you don't like that because whatever you're doing on the property is happening. No, I understand. What I'm trying to say here is that we said yes. See, this case is now. . . That's not in this record. You haven't. . . You've moved to dismiss this case, and so none of this is in the record, and we can't even consider. No, you are. I'm saying we said yes when you filed the complaint. We said yes, we will do your rescission. We'll give you back the property. We took it in foreclosure, and because we didn't want to take any steps. . . He's still in the property today. We've had this property under a title held by New Homes Mortgage since the foreclosure date, but he's still in it because we want to work this out. So we said yes, we will rescind. And he said, okay, fine. Give me the property and $64,000. That's what his response to our yes, we will rescind 20 days after the complaint was filed. We're willing to do the rescission. So Tila is saying. . . Excuse me. In the district court. . . He files a complaint for rescission. You file a motion to dismiss for failure to state a claim. No. In the district court, he filed a motion for. . . He filed the complaint. We accepted his tender. We answered. . . You didn't make a motion. We brought a 12-1 motion later on. That's how. . . Okay, well, that's what I'm talking about. But it was after. . . Months after the. . . Well, whenever you brought a motion to dismiss his case. I brought a motion to dismiss the rescission claim. The rest of his case is alive and well in Superior Court. I'm talking about the rescission claim. Yes. You brought a motion. . . Despite your saying yes, you brought a motion to dismiss his claim for failure to state a claim. On the rescission claim, yes. Right. Yes, that is correct. Because he didn't plead X, Y, and Z. It's because he didn't accept our offer to rescind is the reason we brought it. And the judge says. . . He said yes. We were talking over each other, you know. Yes. Okay. You make a motion to dismiss for failure to state a claim. And the judge says, as a matter of fact, you failed to allege what you have to allege, so motion is granted. And that's the posture this is in. That is correct. And if he did, in fact, allege what he has to allege, then that order can't stand. I would bring. . . I would submit, Your Honor, that because he has said in response to my request for tender, I don't want to give money, that he can't now allege that I am willing to give you the money. You may win on the merits, but I don't see how you win on a pleadings motion. Because he would have to. . . And we have in front of the court already his statement that I'm not going to give you your money back. That means I don't want to do the rescission. We are talking over each other because, you know, we're looking at the procedural posture of this case. We're looking at a complaint that adequately alleges what it's supposed to allege. You may have a disagreement about a notice of rescission, and that may be something that we have to address. But this is the posture of this case. You can't tell us all these other things are happening outside the record. And have changed the posture, the procedural posture. Within the record, though, and you brought this on the motion, we attached his response to my letter saying we will rescind. And if you refuse to go privately, the rescission process, then you don't have a cause of action under KELA for a rescission process. Actually, doesn't the case law say that you can. . . I mean, obviously, KELA does encourage private rescission, and that's one way to go. But the alternative way under the cases is that you go to court. And one party or the other goes to court to enforce that right of rescission when the other party is unwilling. Yes. That is the plaintiff's right if the lender is unwilling. The lender, on the other hand, can just proceed with its enforcement right under its deed of trust if the borrower doesn't want to proceed with the rescission, even if it originally requests it. And there is case law that talks about how when the borrower initiates rescission but clearly doesn't want to give the lender its due, then the attempted rescission will not be judicially enforced unless it is conditioned that the lender will be assured of receiving its legal due. And that may be the ultimate outcome in this case. But I don't think the rule can ultimately be that lenders can just disregard rescission notices because they don't want to characterize them in their own subjective view as a rescission notice, ignore it, and proceed to foreclose. I just don't think that is the law. I understand that point. But moving forward to the rescission and the complaint where we said we will accept it immediately after, we weren't ignoring. We want the rescission. We still want the rescission. We're happy to have the rescission. He doesn't want to pay us the money. He wants the rescission after a long trial of everything. This really is driven by an attorney's fees claim because they want these damages. Counsel, this is not in the record. I agree. Okay. Thank you. Thank you. Mr. Chandler, you have a minute left in rebuttal. The point that the counsel made with respect to the rescission, there were, like, three other agreements between the parties. I think it's clear from the record. But I think he's just passing words. And so that's all I will say. I'll ask the Court to overturn the order. Thank you, gentlemen. The case just argued is submitted. Good morning to both counsel. 10-56021, Qazi v. U.S. Bank. Your side has 15 minutes.
judges: Fletcher, Silverman, Wardlaw